42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco AUDIA, Defendant-Appellant.
 No. 93-50749.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1994.
Decided Nov. 30, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the facts, so we need not repeat them here. The district court did not err in denying Audia's motion to suppress his statements based upon the alleged Miranda violations. On February 12, 1992, when Investigator Smith orally advised Audia of his rights, Audia answered immediately and responsively that he understood the rights and was willing to waive them. When Audia indicated he was having trouble understanding Smith's oral advisement on April 26, 1993, Smith provided him with a written Spanish translation. Audia read the card and answered "yes" to Smith's questions about whether he had read the card, understood the rights, and was willing to waive them. Smith, who does not speak or understand Spanish, testified that he had a forty-five minute conversation with Audia in February 1992 and a twenty or thirty-minute conversation with him in April 1993. Furthermore, Audia answered questions prior to completion of translation at the suppression hearing. The totality of the circumstances in this case, especially the conduct of the defendant, demonstrates adequate Miranda advisements, as well as valid waivers of Miranda rights. See United States v. Bautista-Avila, 6 F.3d 1360, 1365-66 (9th Cir.1993).
 
 
 3
 The district court did not err in denying Audia's motion to suppress evidence seized from the Monte Carlo. Contrary to Audia's argument, the totality of the circumstances demonstrated the officers had a reasonable, articulable suspicion to justify stopping the Monte Carlo and Audia. See United States v. Kim, 25 F.3d 1426, 1431 (9th Cir.), petition for cert. filed, No. 94-6603 (Oct. 25, 1994). First, officers had seen the Monte Carlo used to follow another load vehicle and to deliver kilograms of cocaine during the surveillance of the drug organization in early February 1992. Second, on February 12, 1992, officers had reason to believe the car was again carrying cocaine because it was riding low on its rear springs. Third, officers had seen Audia engage in what they believed to be two car switches involving the Monte Carlo. Fourth, officers observed Audia engaging in conduct consistent with narcotics trafficking, including using pay telephones after receiving the Monte Carlo on February 12 and countersurveillance driving. These factors demonstrate more than "some minimal level of objective justification for making the stop." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quotation omitted).
 
 
 4
 Nor did the district court err in holding that the officers had probable cause to search the Monte Carlo. Although the level of suspicion required for probable cause is obviously higher than that for an investigatory stop, id., the facts noted above that support the investigatory stop are determinative of probable cause. In light of these facts, there was certainly a "fair probability" that cocaine would be found in the Monte Carlo. See Illinois v. Gates, 462 U.S. 213, 232 (1983); see also California v. Acevedo, 500 U.S. 565, 580 (1991).
 
 
 5
 We find no plain error in the district court's admission into evidence of the "pager conversation." The conversation was properly admitted as a statement by a coconspirator under Fed.R.Evid. 801(d)(2)(E). The government proved by a preponderance of the evidence that a drug conspiracy existed and that Audia knew of and participated in it. See United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988); United States v. Crespo de Llano, 838 F.2d 1006, 1017 (9th Cir.1987); see also United States v. Layton, 855 F.2d 1388, 1398 (9th Cir.1988) (the indictment need not contain a conspiracy count), cert. denied, 489 U.S. 1046 (1989). The statements of the unidentified male, who called Audia's pager soon after Audia was arrested and asked where the cocaine was, were made in furtherance of the conspiracy. See United States v. Zavala-Serra, 853 F.2d 1512, 1516 (9th Cir.1988); United States v. Yarbrough, 852 F.2d 1522, 1535-36 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Thus, the government met the foundational requirements for admission of the conversation.
 
 
 6
 We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Audia's conviction is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3